UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **KEVIN BEQUIR,**<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : C.A. No. 1:21-cv-00167-MSM-PAS<br>: |
| **O2 GLOBAL CHAUFFERED SERVICE, INC.**<br>**d/b/a AOT GLOBAL, and JOHN OLINGER,**<br>　　　Defendants | :<br>:<br>: |

**ORDER GRANTING FINAL APPROVAL TO A**
**FLSA COLLECTIVE AND RULE 23 CLASS ACTION SETTLEMENT**

Before this Honorable Court is the Plaintiff's Unopposed Motion for Order Granting Final Approval to a FLSA Collective and Rule 23 Class Action Settlement and the pertinent materials filed with that motion. The Defendants do not oppose Plaintiff's motion. For good cause shown, and as more fully explained below, the motion is GRANTED, the agreement is APPROVED, and this Civil Action is DISMISSED WITH PREJUDICE.

1.　　The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on January 25, 2023 (the "FLSA Collective and Rule 23 Class Action Settlement Preliminary Approval Order"). A copy of the Agreement was attached to Plaintiffs' motion for preliminary approval as an exhibit, and it is incorporated in this Order by reference. The terms used in this Final Approval Order shall have the same meaning as they are defined in the Agreement.

2.　　On August 21, 2023, the Court conducted a Fairness Hearing to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

3.　　<u>Final Certification of the Rule 23 Class and FLSA Collective</u>.  For the purposes of settlement, the Court finds that the proposed Rule 23 Class, as defined in the settlement agreement

between the Parties, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies the following proposed Rule 23 Class:

> All individuals who, at any time during the period between September 16, 2019 to May 12, 2022, were employed by Defendant as drivers and/or chauffeurs.

The Parties agreed upon a list of those individuals who are designated, for settlement purposes only, as Rule 23 Class Members, which is attached to the Agreement as Exhibit A. For the purposes of settlement, the Court finds that the proposed FLSA Collective, as defined in the Agreement, is similarly situated. According, the Court certifies the proposed FLSA Collective, a list of which is attached to the Agreement as Exhibit A.

4. _Class Representative_. For the purposes of settlement, the Court approves Named Plaintiff, Kevin Bequir, as the Class Representative.

5. _Class Counsel_. For the purposes of Settlement, the Court appoints as Class Counsel for the Rule 23 Class Richard E. Hayber, Esq., Hayber, McKenna & Dinsmore, LLC, 750 Main Street, Suite 904, Hartford, CT 06103, and Michael D. Pushee, Esq., Law Office of Michael D. Pushee, 100 Midway Place, Suite 16, Cranston, RI 02920.

6. _Approval of the Agreement_. The Court approves the Settlement Agreement and finds that it is a reasonable compromise of the claims of the Rule 23 Class Members. The Settlement Agreement is fair, just, reasonable and adequate to, and in the best interest of, the Rule 23 Class members. It achieves a definite and certain result for the benefit of the Rule 23 Class Members that is preferable to continuing litigation in which the Rule 23 Class Members would necessarily confront substantial risk (including the risk of non-certification of a class and the risk of loss), uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class Members

excepting only those individuals, if any, who excluded themselves from the Class in accordance with the terms of the Agreement.

7.   Notice to the Class.  The Court determines that notice was given as required by the Rule 23 Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided the Rule 23 Class Members with fair and adequate notice of the terms of the Agreement and the Fairness Hearing, and of their right to exclude themselves from the class or to object to the settlement. The Court finds the Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

8.   The Court finds that the Agreement: (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of the claims of the Named Plaintiff, the FLSA Collective and the Rule 23 Class members; and (c) demonstrates a good faith intention by the parties that these claims be fully and finally resolved, not subject to appellate review, and not re-litigated in whole or in part at any point in the future. The Court therefore approves the Agreement, including its release of claims.

9.   By operation of the Agreement and this Final Approval Order, and except as to such rights or claims as may be created by the Agreement or those non-waivable by law, Named Plaintiff and all Participating FLSA Collective and Rule 23 Class Members are hereby irrevocably and unconditionally deemed to have forever and fully released Defendants and all Released Parties from any and all Released Claims. The Named Plaintiff and the Participating FLSA Collective and Rule 23 Class Members are forever barred from bringing or presenting any action or proceeding against Defendants or any of the Released Parties that involve or assert any of the Released Claims.

10.  The Agreement shall be administered in accordance with its terms and the $85,000.00 Total Settlement Amount will be distributed as follows:

  a. The amount of $50,736.58 will be paid to the class, inclusive of costs to administer the settlement.

  b. The amount of $5,000.00 will be paid to the Named Plaintiff as a Service Payment Allocation.

  c. Unclaimed amounts from the $50,736.58 will revert to Defendants.

  d. The amount of $28,333.33 will be allocated to reasonable attorney fees to be paid in the time frame specified in the Agreement.

  e. The amount of $930.09 will be allocated to reasonable litigation costs to be paid in the time frame specified in the Agreement.

11. Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12. The Agreement reflects a compromise of disputed claims. The findings and rulings in this Final Approval Order are made for the purposes of settlement only. Nothing in the Agreement or this Final Approval Order, or in any ancillary documents, actions, statements, or filings made in furtherance of settlement, shall be deemed or admissible or used as evidence of (or as an admission of) liability by Defendants or any of the Released Parties, or of any fault or wrongdoing whatsoever, or as evidence that (or as an admission that) this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure for any purpose other than settlement.

13. This Civil Action is DISMISSED WITH PREJUDICE.

So ordered.

_____
**Hon. Mary S. McElroy**
**UNITED STATES DISTRICT JUDGE**